## Feehrer *against* Rudy.

Upon a rule to arbitrate, if but one party appear to choose the arbitrators, the number must be fixed by the prothonotary; if fixed by the prothonotary and the party, it is fatal to the award.

ERROR to the Common Pleas of *Lebanon* county.

Feehrer against the administrators of Rudy. The plaintiff entered a rule to arbitrate. On the day appointed for the choice of arbitrators the defendant did not appear; and the minutes show, that " the parties agreed upon three men, and then the plaintiff and prothonotary proceeded to nominate the men, &c." An award was made in favour of the plaintiff. On a rule to show cause why the award should not be set aside, the plaintiff proposed to prove that the number of the arbitrators was fixed by the prothonotary alone. But the court refused to hear the evidence; refused a motion to permit the minutes to be amended by parol proof; and set aside the award. The cause was afterwards tried by a jury, and a verdict and judgment was rendered for the plaintiff.

*Kline*, for plaintiff in error, argued that the minutes kept by the officer of the choice of arbitrators formed no part of the record, and did not come within the rule with regard to the establishment of a record by parol proof. *J. J. Marsh.* 114. 125; 9 *Johns.* 290; 4 *Serg. & Rawle* 140. It is necessary that great latitude should be allowed in correcting the errors of clerks. 6 *Watts* 53 ; 2 *Binn.* 514 ; 2 *Troub. & Haly* 358 ; 2 *Cow.* 315.

*Ulrich*, for defendant in error. Amendments at common law are subjects of discretion with the court and not of error. 6 *Serg. & Rawle* 512. That the minutes are records, he cited 2 *Penn. Rep.* 223; 1 *Watts* 425; 1 *Watts & Serg.* 423; 7 *Watts* 526; 2 *Miles* 108. That the exception to the award was fatal, he cited 6 *Watts* 259.

The opinion of the Court was delivered by

ROGERS, J. — If only one of the parties attend at the appointed time, it is the duty of the prothonotary himself to determine the number of the arbitrators. There can be no reasonable doubt here that the number was fixed by the prothonotary in conjunction with the other party, and this is a fatal objection to the award. In most of the counties of the State, the mode and manner of choosing the arbitrators is noted by the prothonotary,

either on a separate piece of paper or in a book kept for that pur-
pose; and the minutes of the officer have always been regarded
as part of the proceedings in the cause. To permit, therefore, the
prothonotary or any other person to prove error in the minutes
by parol, would produce very great uncertainty and doubt, and
cannot be allowed. Neither will the court amend the minutes,
unless application be made in proper time, and there is something
to amend by. We think the court was right in setting aside the
award, and the judgment is accordingly affirmed.

Judgment affirmed.